IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 14-30046 |
| | ) | |
| JAMAL SHEHADEH, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Motion of Defendant Jamal Shehadeh to Dismiss or, in the alternative, to Suppress.

Pending also is the Report and Recommendation [d/e 54] of United States Magistrate Judge Tom Schanzle-Haskins, wherein he considered the Defendant's Motion to Dismiss the Indictment or, in the alternative, Motion to Suppress. Judge Schanzle-Haskins recommended that the Defendant's Motion to Dismiss be Denied, while the alternative Motion to Suppress remain pending at this time.

The Defendant has filed an Objection [d/e 56] to the Report and

Recommendation.

I.

Upon considering the evidence presented at an evidentiary hearing, the Parties' memoranda of law, the applicable law and arguments of counsel, Judge Schanzle-Haskins recommended that the Defendant's Motion to Dismiss be denied.

The Report and Recommendation includes a detailed recitation of the facts, some of which are recounted here.

On February 28, 2014, Taylorville, Illinois police officers executed a search warrant at approximately 11:29 p.m., at the Defendant's residence on 1009 East Main Cross Street, Taylorville, Illinois. The Defendant, Jamal Shehadeh, and another individual, Kristina Lindsey, were present at the residence. Officers found a clandestine methamphetamine lab, precursor materials used to manufacture methamphetamine and a white powder on coffee filters that tested positive for methamphetamine.

The officers contacted Illinois State Police (ISP) Special Agent Brian Hayes, who arrived on the scene at least an hour and a half after the

warrant was executed. Hayes testified that he never sent any contaminated materials from a clandestine methamphetamine lab for fingerprint testing. If he found fingerprints on a contaminated item at a clandestine lab, he could ask for authorization to send it for fingerprint testing. Hayes did not see anything that looked like latent fingerprints on the Gatorade bottle or glass jar which were recovered at the scene. The crime scene technicians who were qualified to test for fingerprints were not at the scene.

Officers arrested Defendant Jamal Shehadeh and Kristina Lindsey and transported them to the Taylorville Police station, where Hayes and Illinois State Police Detective Evert Nation interviewed Lindsey. Lindsey told Hayes and Nation that Shehadeh operated the lab to manufacture the methamphetamine.

On March 3, 2014, the Defendant was charged in Illinois Circuit Court in Christian County, Illinois, with Unlawful Participation in Methamphetamine Production. On the same day, the Defendant filed a Pro Se Motion which included a request to preserve items seized during the execution of the warrant.

In early March of 2014, Christian County State's Attorney Michael Havera contacted Hayes and informed him that a defendant recently filed a motion to preserve evidence found at a meth lab. Havera inquired about the preservation of hazardous materials found at a meth lab. Hayes told Havera that federal regulations required the ISP to dispose of the contaminated materials as hazardous waste.

On March 10, 2014, after Hayes sent an email to ISP Master Sergeant Donald Payton, the Methamphetamine Statewide Coordinator for the ISP, Payton provided some information on procedures for disposal of hazardous waste and further advised Hayes that the ISP could only hold hazardous waste temporarily under federal regulations.

On March 20, 2014, the ISP received a letter from Shehadeh which stated in relevant part:

> I request that the items held in evidence by your office in the referenced case be fingerprinted prior to destruction. As I'm sure you've known for quite some time, Ms. Lindsey is a habitual methamphetamine cook. I had no part in the production, never have cooked or helped cook meth, was absent from my residence for most of the three hours prior to execution of the warrant, and my prints will be found nowhere on the items seized.

Hayes received a copy and read the letter.

On March 25, 2014, the state court held a hearing. Shehadeh's counsel made an oral motion to have the Gatorade bottle and glass jar fingerprinted. The court ordered that the Gatorade bottle and glass jar seized from the Defendant's residence be preserved until they were fingerprinted. He told Havera, the state's attorney, to ensure that this was accomplished. A minute entry of the proceedings memorialized the order.

In March of 2014, Assistant United States Attorney Bryan Freres spoke to Hayes about Shehadeh. Freres also met with Havera in the Spring of 2014. No decision was made about whether there would be a federal prosecution of the Defendant. Hayes did not recall any of the substance of the meeting.

In April of 2014, Havera misinterpreted his notes of the court hearing the previous month. Havera incorrectly concluded that the judge had denied the oral motion to preserve the Gatorade bottle and glass jar. Therefore, Havera told Hayes that the ISP could dispose of the items pursuant to its standard procedures. Havera testified he did not

purposefully try to deprive the Defendant of potentially favorable evidence.

On May 1, 2014, a contractor took possession of the Gatorade bottle and glass jar. The items were disposed of without ever being tested for fingerprints.

In mid-August of 2014, Havera sent materials regrading the case to Assistant United States Attorney Freres, who reviewed the file and determined that the case met his office's criteria for federal prosecution. In early September of 2014, Freres informed Havera that he would take the case. Freres stated in his affidavit, "During my review of the case reports I assumed the physical evidence had been properly preserved, and I never reviewed the actual physical evidence."

On September 22, 2014, Shehadeh's attorney filed a motion in the state proceedings which requested multiple types of relief, including dismissal because the Gatorade bottle and glass jar were destroyed before they were fingerprinted.

On October 7, 2014, a federal grand jury returned a three-count indictment against Shehadeh relating to the manufacture of

methamphetamine. The state proceeding was dismissed and the Defendant's omnibus motion was never ruled upon. Havera testified he never spoke to Freres about the motion.

Both Havera and Freres stated that the federal government had no involvement in the state proceedings. Freres stated in his affidavit he was "neither aware of, nor involved in the preservation or destruction of evidence by state authorities."

Judge Schanzle-Haskins recommended denying the Motion to Dismiss. He found it was unlikely that testing the Gatorade bottle and glass jar for fingerprints was likely to result in probative evidence. Additionally, Judge Schanzle-Haskins found there was no evidence of bad faith on the part of the ISP or federal authorities. The federal government had no role in the preservation or destruction of the objects without testing for fingerprints.

## II.

In addition to the Defendant's Objections [Doc. No. 56] to the Report and Recommendation [Doc. No. 54], the Court has considered the

Sealed Motion to Dismiss [Doc. No. 30] and Attachments, the Sealed Memorandum [Doc. No. 31], the Government's Response [Doc. No. 33] and Supplemental Response [Doc. No. 38], the Defendant's Post-Hearing Brief [Doc. No. 44], the Government's Post-Hearing Brief [Doc. No. 45] and the Government's Response to the Defendant's Brief [Doc. No. 46].

(A)

In order to show that an indictment should be dismissed for failure to preserve evidence, a defendant must show: "(1) bad faith on the part of the government; (2) that the exculpatory value of the evidence was apparent before the evidence was destroyed; and (3) that the evidence was of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." United States v. Aldaco, 201 F.3d 979, 982-83 (7th Cir. 2000).

In Aldaco, the United States Court of Appeals for the Seventh Circuit considered whether the Chicago Police Department's alleged "conscious disregard" of a shotgun was "sufficient to make a showing of bad faith on its part for which the federal government should be held responsible

because it took full advantage of the missing firearm." See id. at 984. The court noted that other circuits, when considering cases in which state or local officials destroyed evidence prior to a federal indictment, "have refused to impute bad faith to the federal government based on the state's actions absent any evidence establishing that any governmental agency was maliciously involved in the destruction of evidence." Id. (citing United States v. Gallant, 25 F.3d 36, 38-39 (1st Cir. 1994); United States v. Baca, 687 F.2d 1356, 1359-60 (10th Cir. 1982)).

The United States Supreme Court has held that the defendant has the burden of showing bad faith. See Arizona v. Youngblood, 488 U.S. 51, 58 (1988) (holding that no due process violation results from the police's failure to preserve potentially useful evidence unless the defendant can establish bad faith). More recently, in distinguishing between the suppression or failure to disclose material exculpatory evidence and the failure to preserve evidence that could be tested, the Court reiterated that the failure to preserve "potentially useful evidence," "the results of which might have exonerated the defendant," is not a due process violation unless

9

the defendant establishes that the police acted in bad faith. See Illinois v. Fisher, 540 U.S. 544, 547-48 (2004) (citations omitted).

The Court concludes that Defendant has not met his burden of showing that the Indictment should be dismissed. There simply is no evidence of bad faith. Even assuming Hayes or other ISP officials erred in interpreting the policies and procedures regarding the treatment of evidence, there is no indication that they acted in bad faith.

The record shows that Havera apparently negligently misinterpreted his notes as to what occurred at the March 25, 2014 hearing. There certainly is no evidence that any federal official acted in bad faith. The record contains no evidence that the Assistant United States Attorney had any role in disposing of the Gatorade bottle and glass jar before they could be tested for fingerprints. Even if state officials acted in bad faith, the Court would have no basis to impute that to the federal government given that federal officials were only generally aware of the Defendant's alleged actions.

To the extent that the Defendant relies on cases from other circuits,

this Court does not find that reasoning persuasive.  The Court also declines to follow Justice Stevens's concurrence in Youngblood, wherein he stated:

> In my opinion, there may well be cases in which the defendant is unable to prove that the State acted in bad faith but in which the loss or destruction of evidence is nonetheless so critical to the defense as to make a criminal trial fundamentally unfair.

488 U.S. at 61 (Stevens, J., concurring).  Justice Stevens reiterated that view in Fisher.  See 540 U.S. at 549 (Stevens, J., concurring).  Justice Stevens's concurrences are not the law and, even if they were, this Court concludes that Defendant could not meet the stringent standard in showing that the non-preserved evidence is so critical that its loss results in a trial that is fundamentally unfair.  The Court does not believe that the evidentiary value rises to that level.

The Court recognizes that the Defendant did all that he could do to ensure that the items were preserved for fingerprinting.  In most cases, moreover, it is not easy to establish that investigators or public officials acted in bad faith.  However, these considerations do not give the Court license to infer bad faith when the evidence does not show that a government agency maliciously destroyed evidence.

Additionally, the Court rejects any assertion that Havera sought to ensure the case was prosecuted federally only after his mistake in violating the court order regarding the preservation of evidence. Even though a final decision was not made until well after the destruction of the evidence, the record shows that the case was considered for federal prosecution in March of 2014--before the Gatorade bottle and glass jar were destroyed. Although the Defendant is correct that Havera undoubtedly knew he had violated the court order after the motion to dismiss was filed in state court, the Court disagrees that this establishes bad faith. The Court is unable to conclude that the decision to bring a federal case was related to the motion to dismiss the state charges.

(B)

As the magistrate judge found, it is possible that the Gatorade bottle and glass jar could have been subjected to fingerprinting. Any results may or may not have been favorable to the Defendant. It is also quite possible that no recoverable fingerprints on the items would have been found. Any of these scenarios is reasonably possible.

The Defendant cannot show that the exculpatory value of the evidence was apparent before the items were destroyed. As previously stated, it is simply unknown whether any fingerprints could have been recovered. Additionally, while the failure to locate the Defendant's fingerprints would be a factor in his favor, it certainly would not exonerate him. The Government need not prove that the Defendant touched or handled the Gatorade bottle or jar with his bare hands. This is particularly true if, as alleged, the Defendant's residence was used in the production of methamphetamine and if, as alleged, a witness stated the Defendant was involved in the manufacture of methamphetamine.

As the Government notes, moreover, the absence of fingerprint evidence is actually a neutral factor that neither favors the Government nor disadvantages the Defendant. There is nothing precluding the Defendant from arguing that the Government failed to examine the items for fingerprints and, thus, did not meet its burden. He still can allege that his fingerprints would not have been found on the items.

The Court has also considered the supplemental evidence referenced

in the Sealed Documents [Doc. No. 50 & 53] filed by the Defendants.  In that case, the officers removed the alleged liquid methamphetamine and turned the plastic bottle and glass container over for fingerprinting.  The Court recognizes that Hayes could have done the same thing in this case.  Even assuming the failure to preserve the evidence violated an ISP policy, however, there is no evidence that it was anything but a mistake.

<u>Ergo</u>, the Defendant's Objections [d/e 56] to the Report and Recommendation are DENIED.

The Court ADOPTS the Report and Recommendation [d/e 54] of the United States Magistrate Judge.

The Defendant's Motion to Dismiss or, in the alternative, Motion to Suppress [d/e 30] is DENIED in part.  The request to dismiss the Indictment is DENIED.

The Motion to Suppress portion of Document Number 30 remains pending and is referred to United States Magistrate Judge Tom Schanzle-Haskins for further proceedings.

ENTER: February 2, 2016

    FOR THE COURT:

/s/ Richard Mills
Richard Mills
United States District Judge