**E-FILED**
Monday, 21 March, 2016  03:13:01 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 14-30046 |
| | ) | |
| JAMAL SHEHADEH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

In a Report and Recommendation filed on February 19, 2016, United States Magistrate Judge Tom Schanzle-Haskins recommended that the Defendant's motion to dismiss or, in the alternative, motion to suppress be denied.  The Defendant has filed an Objection to the Report and Recommendation.

### I.

Upon adopting the first Report and Recommendation on February 3, 2016, the Court denied Defendant Jamal Shehadeh's request to dismiss the Indictment.  Thus, only the Defendant's request to suppress evidence

remains pending.

Defendant Jamal Shehadeh moved to suppress evidence on the grounds that the Honorable Bradley Paisley, Associate Circuit Judge of the Fourth Judicial Circuit of Illinois in Christian County, Illinois, who issued a search warrant of the Defendant's residence, was not a neutral and detached magistrate as required by the Fourth Amendment to the United States Constitution.

In 2012 and 2013, Judge Paisley recused himself from a number of civil matters involving the Defendant.  Moreover, Judge Paisley recused from the state criminal matter that preceded this case.

Judge Schanzle-Haskins found there was no evidence that Judge Paisley believed that Defendant has threatened him and his family.  Even if he did, that would not preclude Judge Paisley from maintaining neutrality and considering only relevant information.   The Report and Recommendation determined that, despite any past experience with the Defendant, there was no evidence that Judge Paisley had abandoned his role as a neutral judicial officer in issuing the Warrant.

The Defendant specifically objects that he was unable to call Judge Paisley as a witness to inquire as to why he recused on a number of occasions but did not do so when considering the warrant in question. As Judge Schanzle-Haskins noted, even if a threat was made against Judge Paisley, he would not necessarily be required to recuse. See In re Taylor, 417 F.3d 649, 652 (7th Cir. 2005) (citing cases which distinguish between threats that appear to be genuine and those that are made for the purpose of harassment, the latter of which would not require recusal). "The cases (none in this court) that have addressed the issue of recusal based on threats have held that a threat to a judge that appears to be genuine and not just motivated by a desire to recuse the judge requires recusal." In re Nettles, 394 F.3d 1001, 1002 (7th Cir. 2005).

The Defendant alleges there is reason to believe that a member of Judge Paisley's family told a third party that the Defendant had threatened his family. There is nothing in the record which suggests that the police were contacted or any other measures taken due to an alleged threat against Judge Paisley or a family member. There is no reason to believe that a

genuine threat was made.  Therefore, the Court has no basis to find that Judge Paisley believed that the Defendant made a legitimate threat against him or his family.

Although Judge Paisley had recused in prior civil cases involving the Defendant and he may have been aware of past threats, he likely believed that any threats were made for the purpose of harassment and did not require recusal.  Accordingly, the Court finds no basis to conclude that he was not a neutral and detached judge.

## II.

The search warrant Affidavit was prepared by Taylorville, Illinois, Police Detective Evert Nation and presented to Judge Paisley.   The Defendant alleges he is entitled to a Franks hearing due to information the affidavit contains about the Confidential Source.  The Defendant may obtain a hearing to challenge the veracity of the Affidavit if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is

necessary to the finding of probable cause."  Franks v. Delaware, 438 U.S. 154, 155-56 (1978).

The Defendant claims he sought information regarding the Confidential Source which was never provided.  Except for the Confidential Source's name, Wesley Scott Kibodeaux, none of the requested information has been provided by the Government.

Additionally, the Defendant alleges Judge Paisley was aware of Mr. Kibodeaux, having presided in a number of his cases.  Mr. Kibodeaux was being prosecuted by a special prosecutor.  The affidavit describes Mr. Kibodeaux as a Crime Stoppers "tipster," instead of as a Confidential Source, thus hiding the fact that he was involved in the case.  Detective Nation's Affidavit also states that Crime Stoppers received two tips about drug activity, even though Crime Stoppers records show only one such tip.

The Defendant asserts that without a hearing and opportunity to question Detective Nation, he cannot develop evidence of Nation's state of mind.

"To obtain a Franks hearing, the defendant must make a substantial

preliminary showing of (1) a material falsity or omission that would alter the probable cause determination, and (2) a deliberate or reckless disregard for the truth." United States v. Glover, 75 F.3d 811, 820 (7th Cir. 2014) (internal quotation marks and citation omitted).

Even assuming that Nation's Affidavit includes a false statement or omits relevant information, the Court concludes that such information would not affect the finding of probable cause. As Judge Schanzle-Haskins stated, such information was not necessary to a finding of probable cause. Accordingly, the Court concludes that Defendant has not made the necessary showing which would warrant a Franks hearing in this case.

The Court has considered the Defendant's Motion and Memorandum of Law, in addition to other relevant documents in the record. The Court has also carefully considered the Defendant's Objections. Upon considering the record, the Court agrees with the magistrate judge's recommendation.

Ergo, the Court ADOPTS the magistrate judge's report and recommendation [d/e 60], wherein he recommends that Defendant's Motion to Suppress be DENIED.

6

The Motion of Defendant Jamal Shehadeh to Dismiss or, in the alternative, Motion to Suppress [d/e 30] is DENIED.

ENTER: March 21, 2016

        FOR THE COURT:

                 /s/ Richard Mills
                Richard Mills
                United States District Judge